# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 0941 | **DATE** | 6/2/2009 |
| **CASE TITLE** | Mobile Anesthesiologists Chicago, LLC vs. Anesthesia Associates of Houston Metroplex, P.A. | | |

**DOCKET ENTRY TEXT**

Motion by Defendant to dismiss for lack of personal jurisdiction [20] is granted. Motion by Plaintiff for preliminary injunction [6] is denied as moot. Motion by Plaintiff to strike Defendant's answer [26] is denied as moot.

■ [ For further details see text below.]     Docketing to mail notices.

---

**STATEMENT**

    Before the Court is Defendant Anesthesia Associates of Houston Metroplex, P.A.,'s ("Defendant") motion to dismiss Plaintiff Mobile Anesthesiologists Chicago, LLC's ("Plaintiff") complaint for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). Defendant concurrently filed a motion to dismiss for improper venue pursuant to FED. R. CIV. P. 12(b)(3) and a motion to transfer venue pursuant to 28 U.S.C. §§ 1404(a), 1406. For these reasons, the motion to dismiss for lack of personal jurisdiction is granted.

    According to the complaint, Plaintiff is the owner of the name "Mobile Anesthesiologists," a federally registered trademark issued to Plaintiff on August 30, 2005. In line with its trademark, on November 20, 2003 Plaintiff registered the internet domain name "mobileanesthesiologists.com." Plaintiff alleges that the company and its licensees have sold millions of dollars worth of anesthesiology services across the U.S.

    In October 2007 Dr. Eric Chang, an anesthesiologist licensed by the Texas State Medical Board, organized Defendant Anesthesia Associates. Dr. Chang asserts that he is the Defendant's sole member. He and his wife operate the company out of their home in Houston, Texas. He is the company's sole physician. He does not maintain offices in Illinois, nor does he have agents or employees in Illinois. He's traveled to Illinois only once, while on vacation, before he was licensed by the Texas State Medical Board. On August 22, 2008 Dr. Chang registered the internet domain name "mobileanesthesia.com." It consists of two internet web pages, one of which indicates that Dr. Chang provides anesthesiology services to the "greater Houston Area," but does not indicate that he provides services in Illinois or any other part of the country.

    Nevertheless, given the alleged similarities to Plaintiff's website, Plaintiff claims that Defendant is infringing on the company's registered domain name, a process generally known as "cybersquatting." After Defendant refused to take down its website, Plaintiff initiated this action, seeking to hold Defendant liable under the federal Anticybersquatting Consumer Protection Act (Count I) and the Lanham Act, based on Defendant's alleged Trademark Infringement (Count II), Unfair Competition (Count III) and Trademark Dilution (Count IV). In response, Defendant filed the instant motion. In turn, the Court gave Plaintiff the

## STATEMENT

opportunity to conduct limited discovery on the question of jurisdiction, which included the deposition of Dr. Chan. Defendant's motion is fully briefed and before the Court.

When a defendant challenges personal jurisdiction, the plaintiff has the burden of demonstrating that the court's exercise of personal jurisdiction over the defendant is proper. Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549-50 (7th Cir. 2004). The inquiry into whether personal jurisdiction exists requires a two-step analysis. A court must first consider whether the Illinois long-arm statute confers jurisdiction over a given defendant and, second, it must determine whether the exercise of jurisdiction over that defendant comports with Due Process. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). For jurisdiction to comport with Due Process, the "defendant must [have] purposefully establish[ed] 'minimum contacts' in the forum" state, such that it availed itself of the forum state and invoked the benefits and protections of that state's laws. Burger King Corp. V. Rudzewicz, 471 U.S. 462, 474 (1985); Hanson v. Denckla, 357 U.S. 235, 253 (1958). And, looking beyond a defendant's contacts, a reviewing court must also consider whether "it is reasonable to require a nonresident corporation to defend a suit in the forum state. . . ." Deluxe Ice Cream v. R.C.H. Tool Corp., 726 F.2d 1209, 1212, 1213 (7th Cir. 1984).

To establish Defendant's contacts with Illinois, one of Plaintiff's primary contentions is that Dr. Chan is a member of two professional associations that are headquartered in Chicago. Plaintiff does not show, however, that Dr. Chan took part in anything more than a unilateral, administrative process to obtain membership in these professional organizations. From what Plaintiff presents, it is clear that nothing was required of Dr. Chan except the payment of his membership fees. He was not required to travel to Illinois. He was not required to maintain an agent in Illinois. He did not solicit business in Illinois. He did not have an office in Illinois. He did not maintain regular contact with anyone in Illinois. Under the circumstances, this argument must be rejected.

We note, in addition, that a finding for Plaintiff on this argument would have several far-reaching implications. If Plaintiff had its way, one could arguably bring a lawsuit in Illinois against any out-of-state defendant who had no prior contact with Illinois, asserting personal jurisdiction over the defendant because the defendant paid dues to some organization headquartered in Chicago. Such a result certainly would not comport with our traditional notions of fair play and substantial justice. See, e.g., Am. Ass'n of Cruise Passengers v. Cunard Line Ltd., 691 F. Supp. 379, 380 (D.D.C. 1987) (concluding that personal jurisdiction did not exist over out-of-state defendant simply because of its membership in a D.C. trade association).

Plaintiff next asserts that this Court has personal jurisdiction over Defendant because Defendant "expressly aimed" its tortious conduct "at Illinois." Pl. Resp. at 8. In support, Plaintiff claims that because the company advertised its anesthesiologist services in the Houston area before Dr. Chan started his business, then "it is *likely* that Dr. Chan" knew about Defendant's trademark before he registered his website; thus, the argument goes, he intended to injure Plaintiff in Illinois. Pl. Resp. at 12. But this assertion, or assumption we should say, is entirely unsupported. Indeed there is nothing in the record, even after taking Dr. Chan's deposition, that supports such an empty conclusion. Moreover, Plaintiff fails to submit any evidence or testimony that establishes that the company felt an injury in Illinois, much less had a presence in Illinois. Dr. Chan testified that his practice is restricted to Texas and that he did not expect anyone to contact him from beyond Texas, even through his website, which is entirely passive. Aff. of Chan ¶¶ 3, 6-7. Plaintiff does not refute this testimony.

Accordingly, after review of the parties' submissions, the Court finds that Plaintiff failed to satisfy its burden of demonstrating that this Court's exercise of personal jurisdiction over Defendant is proper. The motion to dismiss is therefore granted.

IT IS SO ORDERED.